Eastern District of Kentucky
FILED
SEP 0 6 2005
AT LEXINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON

CIVIL ACTION NO. 04-569-JBC

REBECCA REARDON,                                   PLAINTIFF

V.                              **PROPOSED FINDINGS OF FACT
AND RECOMMENDATION**

JO ANNE B. BARNHART, Commissioner,
  Social Security Administration,                           DEFENDANT

\* \* \* \* \* \* \* \* \* \*

## I. INTRODUCTION

Plaintiff Rebecca Reardon, by counsel, brings this action against the Commissioner of the Social Security Administration, under 42 U.S.C. § 405(g) for judicial review of the Commissioner's decision that she was not under a "disability," as defined in the Social Security Act, at any time through the date of the ALJ's decision, and that based on her application for disability insurance benefits (DIB) filed on October 8, 2002, she was not disabled and was not entitled to disability benefits.

This matter is before the Court on cross-motions for summary judgment. [DE ##8, 10].

By Order of June 6, 2005, the district court referred this matter to the undersigned Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1)(B), for a report and recommendation on dispositive matters.

## II. ADMINISTRATIVE PROCEEDINGS

On application, plaintiff alleged that she became disabled on January 1, 2000, due to a hand injury, depression, fibromyalgia, osteoporosis, chronic obstructive pulmonary disease, and nerve damage. This application was denied initially and on reconsideration, resulting in an ALJ hearing. On February 13, 2004, ALJ Arthur J. Shultz found that plaintiff had not been disabled at any time through the date of that decision; therefore, she was not entitled to disability benefits. (Tr. 24-34).

Plaintiff was born on October 30, 1950, has a high school education, plus one year of college, and has past relevant work experience (PRW) as a supervisor for a card distributor, an order filler, and an owner of a consignment shop. Summarizing the ALJ's findings, the ALJ found that (1) claimant has not engaged in substantial gainful activity since her alleged onset date; (2) claimant's impairments are considered "severe;" however, claimant's medically determinable impairments do not meet or medically equal an impairment listed in Appendix 1, Subpart P, Regulations No. 4; (3) claimant's allegations concerning her limitations are not totally credible; (4) claimant is unable to perform any of her PRW; (5) claimant has no transferable skills from any PRW and/or transferability of skills is not an issue herein; (6) claimant has the residual functional capacity (RFC) to perform a significant range of light work, with certain restrictions; (7) although claimant's exertional limitations do not permit her to perform the full range of light work, using Medical-Vocational Rule 202.15 as a framework for decision-making, there is a significant number of jobs in the national economy that claimant can perform, such as inspector/checker/examiner, clerical worker/administrative assistant, and sitter/companion; and (8) claimant has not been under a disability, as defined in the Social Security Act, at any time through the date of the ALJ decision, February 13, 2004. (Tr. 24-34).

On November 22, 2004, the Appeals Council declined to review the ALJ's decision (Tr. 9-12); therefore, the ALJ's decision represents the final decision of the Commissioner, and this matter is ripe for judicial review under § 1631(c)(3) of the Social Security Act, 42 U.S.C. § 405(g).

### III. APPLICABLE LAW

The scope of judicial review of the Commissioner's final decision is limited to determining whether the Commissioner's decision is supported by substantial evidence, see 42 U.S.C. § 405(g); Wright v. Massanari, 321 F.3d 611, 614 (6th Cir. 2003), and whether the correct legal standards were applied. Landsaw v. Secretary of Health and Human Services, 803 F.2d 211, 213 (6th Cir. 1986). "Substantial evidence" means such evidence as a reasonable person might accept as adequate to support a conclusion. Tyra v. Secretary of Health and Human Services, 896 F.2d 1024, 1028 (6th

Cir. 1990), (quoting Kirk v. Secretary of Health and Human Services, 667 F.2d 524, 535 (6th Cir. 1981, cert. denied, 461 U.S. 957 (1983).

In reviewing a case for substantial evidence, the court may not try the case de novo, resolve conflicts in evidence, or decide questions of credibility. Garner v. Heckler, 745 F.2d 383 (6th Cir. 1984).

## IV. THE CROSS-MOTIONS FOR SUMMARY JUDGMENT

In support of her motion for summary judgment, plaintiff contends that in evaluating plaintiff's mental impairments, the ALJ erred by relying on the opinion of a treating source, Dr. Melbourne Williams, a psychiatrist, and that the ALJ should have given more weight to or adopted the opinions of Dr. Nancy Scott and Dr. John Fulton, both of whom performed consultative psychological evaluations of plaintiff. For these reasons, plaintiff asserts that the ALJ's decision is not supported by substantial evidence, and plaintiff requests that this action be remanded to the Commissioner for a new ALJ hearing.

In response, the defendant submits that the Commissioner's decision is supported by substantial evidence and should be affirmed.

### Discussion/Analysis

In considering this matter, the Magistrate Judge has reviewed, in addition to the memoranda filed in support of each party's motion for summary judgment, the hearing decision, the medical evidence of record (Exhibits 1F through 31F), and the transcript of the ALJ hearing.

Dr. David Brown treated plaintiff for chronic depression for approximately eight (8) years; however, Dr. Brown retired in 2001, and transferred plaintiff to Dr. Melbourne Williams, a psychiatrist, for continued treatment of her chronic depression. Dr. Williams' outpatient progress notes reflect that he saw plaintiff on June 22, 2001, November 15, 2002, and December 16, 2002. Dr. Williams makes no statement that plaintiff is totally disabled by depression. The ALJ summarized Dr. Williams' treatment notes, as follows:

3

>On June 22, 2000 [sic], Dr. Melbourne Williams began treating the claimant for depression following the retirement of Dr. Brown. She told Dr. Williams that she felt her depression was stable and she would like to lower her dosage of Zoloft or discontinue it. He reported that her major depression is in remission and classified her Global Assessment of Functioning as 70, reflecting only **mild** symptoms. She was alert and oriented with appropriate affect. Her memory was intact. On July 5, 2000, he noted that the claimant is doing "pretty good". She expressed guilt about quitting work. Subsequently her medication was changed and on November 15, 2002, she reported that she was dong well. On December 16, 2002, she reported improvement in her mood. She complained of increased frequency of headaches. She indicated "plans to have a good holiday with family." Her Global Assessment of Functioning score had increased to 75. (Exhibit No. 13F).

Tr. 27.

In addition to the office notes of Dr. Williams, the ALJ also considered the reports of Dr. David Shraberg, Nancy Scott, Ph.D., a licensed clinical psychologist, and John Fulton, Ph.D., a licensed psychologist, and analyzed these medical reports concerning plaintiff's anxiety and depression, as follows:

>The claimant also alleged disabling depression and anxiety. In 1999, Dr. David Shraberg found "no active psychiatric disturbance" and noted that the claimant is "very active." Dr. Scott's negative assessment of the claimant's restrictions in November 2002 appears to be based in large part on her "multiple limiting physical conditions", which have been clearly discounted by the objective evidence. Moreover, her portrayal of the claimant contrasts sharply with that of her own treating physician Dr. Williams, whose reports span more than two years of treatment and reflect that her depression is in remission. In fact the claimant's Global Assessment of Functioning score actually rose from 70 to 75 during this period of time, which included her evaluation by Dr. Scott. In November 2003, the claimant was evaluated by Dr. Fulton, who characterized her Global Assessment of Functioning at only 35, a score which is inconsistent with his own report, the other documentary evidence and the claimant's presentation at the hearing. Dr. Fulton observed that the claimant was friendly and verbal. She interacted with him in an appropriate fashion. Notably, she did not appear to be overtly anxious or depressed. Her concentration was adequate. His conclusions are contradicted by the evidence as a whole. In fact, Dr. Anderson's report of October 30, 2003, demonstrates the absence of psychiatric symptoms/conditions (Exhibit No. 31F). Moreover, the timing of Dr. Fulton's report coincides with the loss of his job by the claimant's spouse, suggesting that her performance may have been motivated by secondary gain. The claimant's activities of daily living contradict both her physical and mental allegations. In October 2002, the claimant reported that she cooks, does the "majority" of the housework including vacuuming, washing dishes, sweeping, mopping, dusting, mending clothes, laundry, etc. She goes grocery shopping. She attends church twice a week on a regular basis. She is able to sustain attention and concentration to read and watch television. She frequently visits with family members and baby-sits for her young grandsons. (Exhibit No. 4 and 11E). The

4

> claimant has failed to comply with her doctors' instructions to walk for exercise. Even though physical therapy relieved her symptoms, she attended only a few times.
>
> The opinion of a treating physician is entitled to great weight unless there is persuasive contradictory evidence. A treating physician's <u>medical</u> opinion, on the issue of the nature and severity of an impairment, is entitled to special significance; and, when supported by objective medical evidence and consistent with other substantial evidence of record, entitled to controlling weight. <u>SSR</u> 96-2p. On the other hand, statements that a claimant is "disabled", unable to work", can or cannot perform a past job, meets a Listing or the like are not medical opinions but are administrative findings dispositive of a case, requiring familiarity with the Regulations and legal standards set forth therein. Such issues are reserved to the Commissioner, who cannot abdicate his statutory responsibility to determine the ultimate issue of disability. Opinions on issues reserved to the Commissioner, such as that of Dr. Cornett, can never be entitled to controlling weight, but must be carefully considered to determine the extent to which they are supported by the record as a whole or contradicted by persuasive evidence. 20 CFR 404.1527(d)(2) and 416.927(d)(2); <u>SSR</u> 96-5p. Notably, the disabling opinions of record are from one-time examiners and are inconsistent with the weight of the evidence including her treating sources. Notably, Dr. Scott's report was also rejected by the examiners from Disability Determination Services.

Tr. 30-31.

As pointed out by the ALJ, the opinion of a treating source is entitled to great weight unless there is persuasive contradictory evidence; however, if the physician's opinion is brief and conclusory and is not supported by clinical and laboratory findings, it is fully within the discretion of the ALJ to reject that opinion. See 20 C.F.R. § 404.1527(d)(3) (2003); <u>Cutlip v. Secretary of Health and Human Services</u>, 25 F.3d 284, 287 (6th Cir. 1994); <u>Bogle v. Sullivan</u>, 998 F.2d 342, 347 (6th Cir. 1993). A physician's opinion may also be rejected when there are contrary opinions by other sources or if the opinion is internally inconsistent. <u>See</u> 20 C.F.R. § 404.1527(d)(4) (2003); <u>Jones v. Secretary of Health and Human Services</u>, 945 F.2d 1365, 1370 (6th Cir. 1991). Additionally, conclusory opinions, opinions outside a physician's area of expertise, or opinions of disability or on matters reserved for the Commissioner may be rejected and are not accorded controlling weight. 20 C.F.R. § 404.1527(d)(3), (e) (2003); <u>Cutlip</u>, 25 F.3d at 287.

Based on the foregoing applicable law, the ALJ properly gave greater weight to the opinion of Dr. Melbourne Williams, a treating source who became plaintiff's treating psychiatrist following the retirement of Dr. David Brown, who had treated plaintiff for chronic depression for

approximately eight (8) years. A review of the ALJ's decision reflects that he considered all of the medical reports of record and explained in great detail the reasons why he gave less weight to the opinions of Dr. Nancy Scott and Dr. John Fulton, one-time examiners, than he did to the opinions of plaintiff's treating psychiatrist, Dr. Melbourne Williams.

Additionally, contrary to plaintiff's argument, the ALJ did not base his decision on the opinions of nonexamining, state agency medical and/or psychological consultants. The ALJ's conclusion that plaintiff is not disabled appears to be based primarily on the opinion of plaintiff's treating psychiatrist, Dr. Melbourne Williams. At the conclusion of the ALJ's decision, he notes that the conclusion that plaintiff is not disabled is *further* supported by the opinions of the state agency medical and/or psychological consultants. Specifically, the ALJ stated:

> The conclusion that the claimant is not disabled is further supported by the opinions of the state agency medical and/or psychological consultants. As those of nonexamining physicians, their opinions are not entitled to controlling weight, but must be considered and weighed as those of highly qualified physicians and psychologists who are experts in the evaluation of the medical issues in disability claims under the Social Security Act. SSR 96-6p.

Tr. 32-33.

Thus, at the time the ALJ made the foregoing statement, he had already concluded that plaintiff was not disabled, as seen by the paragraph on page 32 of the ALJ's decision immediately preceding the paragraph at issue concerning the state agency, nonexamining opinions. The ALJ merely noted in passing that his decision that plaintiff was not disabled was also supported by the opinions of the nonexamining, state agency consultants. To reiterate, the ALJ's conclusion that plaintiff is not disabled was not based on the opinions of the nonexamining, state agency consultants.

## V. CONCLUSION

Having reviewed the administrative record, including the medical evidence, the cross-motions for summary judgment, and the applicable law concerning judicial review of the Commissioner's decision, the Magistrate Judge concludes that the Commissioner's decision that Plaintiff is not disabled is supported by substantial evidence.

Accordingly, **IT IS HEREBY RECOMMENDED** that plaintiff's motion for summary judgment [DE #8 ] be **DENIED**, that the defendant's motion for summary judgment [DE #10] be **GRANTED**, and that this action be **DISMISSED** and **STRICKEN** from the docket.

The Clerk of the Court shall forward a copy of the Magistrate Judge's Proposed Findings of Fact and Recommendation to the respective parties who shall, within ten (10) days of receipt thereof, serve and file timely written objections to the Magistrate Judge's Findings of Fact and Recommendation with the District Court or else waive the right to raise the objections in the Court of Appeals. 28 U.S.C. section 636(b)(1)(B); Thomas v. Arn, 728 F.2d 813 (6th Cir. 1984), affirmed, 474 U.S. 140 (1985); Wright v. Holbrook, 794 F.2d 1152, 1154-55 (6th Cir. 1986); Fed.R.Civ.P. 6(e).

This ___6th___ day of September, 2005.

JAMES B. TODD,
UNITED STATES MAGISTRATE JUDGE